# IN RE ORDER ON PATRICK O'DONNELL.

CERTIORARI TO THE COURT OF QUARTER SESSIONS OF CRAW-
FORD COUNTY.

Argued May 1, 1889—Affirmed at Bar.

The Court of Quarter Sessions of Crawford county has jurisdiction, upon
the petition of the clerk of the directors of the poor of said county, to
make an order requiring a son to contribute a certain sum per week for
the support of his father, a poor person, and an answer by the son that
he is ready and willing to maintain his father if he will come and live
with him does not show ground of defence against such order.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 307 January Term 1889, Sup. Ct.; court below, No. 22
May Term 1887, Q. S.

On May 10, 1887, the petition of O. H. Hollister, as clerk of
the directors of the poor of Crawford county, was filed in the
Court of Quarter Sessions, representing that one John O'Don-
nell, of South Shenango township, was an old and poor person,
unable to work, and that an order of relief for him had been
issued to the directors of the poor; that petitioner was informed
and believed that said O'Donnell had a son named Patrick
O'Donnell, living in the same township, who was of sufficient
ability to maintain his said father: Praying for an order on
said Patrick O'Donnell to relieve and maintain the said O'Don-
nell.   To a citation awarded upon the filing of said petition,
Patrick O'Donnell answered, inter alia, that he was ready and
willing to support his father, whenever he might choose to
come and live with him.   On July 1, 1887, the court entered
an order that "Patrick O'Donnell, at his own charge, relieve
and maintain his father, . . . . . at the rate of $1.50 per week,
with the penalty provided by law, payable on the last of every
fourth week, from this date."

On March 19, 1888, on motion, the court entered a rule to
show cause why an attachment should not issue against Patrick

O'Donnell to enforce compliance with the order of July 1, 1887. To this rule, the respondent filed an answer, April 9, 1888, setting forth that the order of July.1, 1887, was illegally, unlawfully and improvidently made, as he had not been heard by himself or counsel ; that the petition did not set forth that said John O'Donnell was likely to become a burden upon the directors of the poor; that the directors of the poor did not in fact make any application to court for an order of support of said John O'Donnell, but the same was made by an unauthorized person not recognized by or known to the law; that the respondent is poor and unable to pay the sum of $1.50 a week for his father's support outside his own family ; that he is ready and willing to support his father in accordance with his station in life and his means, if he will come and live with him : praying to have original order opened and he be given leave to make proof of these facts.

After argument, the court, on July 2, 1888, dissolved the rule for the attachment, and on July 3d the respondent filed a motion to set aside the order made July 1, 1887, and to quash the original order and all proceedings thereunder, for reasons appearing of record.

Upon this motion a rule to show cause was granted and after hearing, the court, HENDERSON, P. J., on January 14, 1889, filed the following opinion :

There can be no doubt that the order for support in this case was made with the consent of respondent's counsel. The amount allowed by the court is not large, and it will be necessary for the respondent to comply with the order before he can secure a modification of it.

The order was made July 1, 1887, and no attention was paid to it by the respondent until proceedings for attachment were had some nine months afterwards. If the respondent had exhibited a disposition to comply to the extent of his ability, he would be in a better position to ask the relief which he seeks. We will assume that the petition in which the proceedings were commenced was made by the clerk of the directors of the poor, etc., as agent for said directors, and that therefore it is sufficient.

The petition to set aside the order of July 1, 1887, and to

quash the proceedings is dismissed at the cost of the petitioner, and leave is now granted to issue a writ of fieri facias for the amount now due under the terms of said order, unless the money is paid within twenty days from this date.

Thereupon the respondent took this writ, assigning as error the dismissal of his petition filed July 3, 1888, praying that the order of July 1, 1887, should be vacated.

*Mr. Pearson Church,* for the plaintiff in error:

Counsel cited: Order on Thomas James, 116 Pa. 152 ; Act of April 15, 1857, P. L. 191; Wertz v. Blair Co., 66 Pa. 18; O'Connor's App., 104 Pa. 437.

*Mr. Geo. F. Davenport,* for the defendant in error.

PER CURIAM:
On the argument at Bar,

Judgment affirmed.